IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TAMMY HILL, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NUMBER |
| FILTEX, INC., et al., | ) 96-C-0004-NE |
| Defendants. | ) |

**MEMORANDUM OPINION DENYING PARTIAL SUMMARY JUDGMENT**

Plaintiff Tammy Hill brings this Title VII action against Filtex, Inc. ("Filtex") and its alleged parent corporation O'Mara, Inc. ("O'Mara"). O'Mara now moves for partial summary judgment on the basis that it is not the parent company of Filtex and therefore that it should not be party in this case.

The question presented by the motion is whether the types of interrelationships between Filtex and O'Mara justify their being treated as a single employer for the purposes of Title VII employer liability.

I

Hill was an employee of Filtex, a manufacturing operation, from March 1993 to July 1993. Hill filed a Title VII claim against Filtex and O'Mara alleging sex discrimination, *quid*

*pro quo*, and hostile work environment by her supervisor, Allen Minor.

Filtex, located in Guntersville, Alabama, is wholly owned by Joe O'Mara. Joe O'Mara resides in Pennsylvania and owns 100% of O'Mara, Inc., a corporation located in Devon, Pennsylvania.

O'Mara claims that it falls outside the definition of "employer" under Title VII because it can not be considered to have "merged" with Filtex as a single employer.

The motion comes on the heels of defendants' recently filed Amended Interrogatory Answer. The Amended answer changes the original response from, "Filtex...is a wholly owned subsidiary of O'Mara, Inc.," to "Filtex...is wholly owned by Joe O'Mara."

II

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the movant has adequately demonstrated that there is no genuine issue of material fact. "Material facts" have been characterized as those that might affect the outcome of the litigation. <u>Mulhall v. Advance Security, Inc.</u>, 19 F.3d 586, 590 (11th Cir. 1994), <u>cert</u>. <u>Denied</u>, 115 U.S. 242, 248 (1986). The movant may also demonstrate that it is entitled to judgment as a matter of law based upon the undisputed facts. <u>Early v. Champion International Corp</u>., 907 F.2d 1077, 1081 (11th Cir. 1990).

The movant bears the initial burden to produce evidence establishing that it is entitled to summary judgment or that plaintiff has failed to present evidence of a crucial element of her cause of action. Once this burden has been satisfied, the burden shifts to the respondent to produce "significant, probative evidence" of specific facts that demonstrate a genuine issue of material fact for trial. Celotex Corp. V. Catrett, 477 U.S. 317, 324 (1986). See also Cahnel, Inc. V. Italian Activewear, Inc., 931 F.2d 1472, 1477 (1991). Insubstantial or colorable evidence that is not sufficiently probative will not suffice to overcome a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). See also Celotex, 477 U.S. 317; Matsushita Electric Industrial Co. V. Zenith Radio Corp., 475 U.S. 574 (1986). Respondent's burden is to produce "concrete evidence from which a reasonable juror could return a verdict in [its] favor." Anderson, 477 U.S. at 250.

Finally, the Court is required to view all facts in the light most favorable to the non-movant, but this only demands that "reasonable inferences" be drawn in favor of non-movant -- not every possible inference. Anderson, 477 U.S. at 249; Brown v. City of Clewiston, 848 F.2d 1543, 1540, n.12 (11th Cir. 1988).

III

The Eleventh Circuit has developed a four-part test, commonly referred to as the "integrated enterprise test," to determine whether two businesses should be treated as a single or joint employer under Title VII's definition of an employer." <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930 (11th Cir. 1987). The four factors to be considered include (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. <u>McKenzie</u>, 834 F.2d at 933.

IV. A

There is clearly an interrelation of operations between Filtex and O'Mara, Inc.

The Plant Manager of Filtex, Keith Stewart, who ran its operation during plaintiff's employment testified:

| | |
|---|---|
| Q [by Mr. Goldfarb] | So the product that you produce, Mr. O'Mara handles the sales and distribution of the final product, correct? |
| A [by Mr. Stewart] | Yes |
| Q | You produce down here [at Filtex] some thread and some yarn? |
| A | Yes |
| Q | And that goes where? |

|   |   |
|---|---|
| A | Goes to North Carolina. |
| Q | Omtex |
| A | Right |
| Q | What do they do with it at Omtex, texturize it? |
| A | They put it through a process called slow texturizing. |
| Q | So those plants are linked. |
| A | Yes. |

Keith Stewart talks to the Omtex Plant Manager on a daily basis.

All accounting for Filtex is done by and in the O'Mara home office.

O'Mara provides Filtex with monies to cover its operational expenses, including payroll.

The Court is comfortable in its conclusion that there is an interrelationship of operations between Filtex and O'Mara.

B

Joe O'Mara personally hired Larry Stewart, the Vice President of Production at both the Filtex and Omtex. Joe O'Mara is Stewart's only supervisor. Joe O'Mara terminated former Filtex Plant Manager Keith Stewart.

O'Mara handled Filtex's sexual harassment policy -- the same policy at issue in this case. O'Mara provided the sexual harassment training given to Filtex Managers. O'Mara employees actually oversaw the investigation of plaintiff's sexual harassment claim.

Assuming the facts in the light most favorable to plaintiff, plaintiff has made a respectable showing that O'Mara maintains centralized control of Filtex' labor relations. At a minimum, plaintiff's showing creates a genuine issue of fact as to this prong of the integrated enterprise test.

C

Without dispute, Joe O'Mara controls production at Filtex. Based on his assessment of sales potentials, he orders Filtex to increase or decrease production. In the latter event, employee layoffs are required.

On a weekly basis, Joe O'Mara talks with the Plant Manager at Filtex and Omtex. He regularly monitors production levels and makes production decisions based thereon.

The Plant Manager of Filtex and Omtex divides his time between the two plants.

The evidence of common management is sufficient to warrant treatment as an integrated enterprise.

D

As mentioned above, Joe O'Mara owns 100% of O'Mara, which in turn owns each of its subsidiaries, including Filtex. As noted earlier, there is centralized accounting among the Joe O'Mara companies.

A common insurance policy, purchased by O'Mara covers Filtex, O'Mara, Omtex, and other corporations owned by Joe O'Mara.

The evidence of common ownership and financial control is substantial.

V

The integrated enterprise test does not require the satisfaction of each of the four elements listed; rather each of the elements is a factor to be taken into consideration.

Therefore, the fact that Joe O'Mara, rather than O'Mara owns Filtex changes little.[1]

## Conclusion

Based on the application of the "integrated enterprise" test and the presence of several genuinely disputed issues of material fact, the defendants' Motion For Partial Summary Judgment shall be denied.

---

[1] Defendants' newly amended interrogatory answer only affects the fourth consideration under the test, whether there is common ownership or financial control -- not a prerequisite for determining that Filtex and O'Mara act in conjunction as a single employer for the purposes of Title VII liability.

DONE this ___2d___ day of January, 1997.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON